## C. P. FLACK, ADM'R v. GEORGE J. NEILL.

The right of a party to recover reasonable fees, as special damages, in cases of fraud, is confined to those in which he is obliged to take the initiative, in order to redress a wrong, perpetrated through fraud or malice.

If the plaintiff has an apparently good cause of action, arising *ex contractu,* and the defendant sets up fraud as a defence, he cannot recover such special damages.

Much less can a defendant recover such special damages, in such a suit, to which an administrator has made himself a party plaintiff; for it is his duty to prosecute suits pending at the time of his intestate's death.

In the absence of fraud, or any circumstances of imposition, a party may bind himself to pay the debt of another, although the debt be barred by the statute of limitations, at the time of the new contract.

Where the defence set up, in a suit on a promissory note, is, that it was given in payment of the debt of a third party, which was barred by the statute of limitations at the date of its execution; if the question of limitation be material, the burden of proof is upon the defendant; and a charge, so framed that the jury cannot find for the plaintiff, without first arriving at the conclusion, that the debt for which the note was given, was not barred by the statute, at the date of the note, is erroneous.

Fraud being the main question, the judge ought to instruct the jury, what circumstances would constitute such a fraud, as the defendant could properly claim to be relieved against; for it is not every fraud, against which the law will relieve.

APPEAL from Guadalupe. Tried below before the Hon. A. W. Terrell.

Suit was commenced by R. P. Flack, on a promissory note for $416 50, executed to him by the appellee, dated the 12th of February, 1853, and payable on the 1st of January, 1854. The plaintiff died, and the suit was subsequently prosecuted by the appellant, as his administrator. The appellee set up as a defence, that in the year 1845, he became the administrator *de bonis non,* upon the estate of Charles S. Smith, who was killed in the Alamo, in 1836. That there being no assets of the said estate, which he could get into possession, he did nothing in the administration, but suffered his appointment, as such adminis-

trator, to expire by operation of law. That at the date of the execution of the note, Flack represented to him that he owned an account against the estate of Smith, which had been regularly probated and accepted, as a legal claim against the estate, by a former administrator; that the account had been lost; but that he had a receipt given by an attorney for its collection; and that the appellee had made himself personally liable for the debt. The appellee alleged in his answer, that these and other statements of Flack, of like character, were false, and made with the fraudulent intent, of deceiving and defrauding him; that, being an ignorant man, and without education, he believed these statements, and gave the note sued upon, without consideration, in payment of the said pretended account, the existence of which was denied; that if any such ever existed, it had been barred by the statute of limitations, long before the execution of the note sued upon; also that the appellee had been forced to employ attorneys, to defend himself against the said fraudulent demand, &c.

The following are the instructions given by the court below to the jury, to which exception was taken, to wit: "although, "as above stated, a party may bind himself to pay the debt of "another, yet, if such debt so due by such third party, were "already barred by limitation, before the execution of the note, "the maker would not be liable.

"If a party is guilty of misrepresentation and falsehood, in "regard to a material fact, whereby he procures the execution "of a promissory note, such conduct would constitute actual "fraud, and the maker of such note would not be bound, under "the law, on his promise.

"If you believe from the testimony, that the deceased, Flack, "was guilty of no fraud in procuring the execution of said note; "and that the same was given to secure a debt due from "another, which was not barred by the statute of limitations; "and that it was given on compromise fairly entered into and "executed, you will, in that event, find a verdict for the plain-"tiff for the amount of the note.

"If, on the contrary, you believe from the testimony, that "the note sued on was given in consideration of a debt due from "another, which was, at the date of the note, barred by limita-"tion; or that the note was executed through the fraud or "fraudulent misrepresentations of the deceased, Flack, then, "in that event, you will find a verdict for the defendant.

"If you should believe, from the testimony, that the note "was procured through the fraud of the deceased, Flack, and "that this suit was brought by plaintiff, for the purpose of de-"frauding defendant, then, and in that event, you will find a "verdict for defendant, for such damages as the proof shows "that the defendant has suffered, by reason of the wrongful "bringing of this suit, not to exceed two hundred dollars." Verdict and judgment for appellee, the defendant in the court below, for one dollar damages, and costs of suit.

*Jno. Ireland*, for appellant.

*Chandler* and *Turner*, and *Thornton*, for appellee.

BELL, J. There was error in the charge of the court.

The right of a party to recover reasonable attorneys' fees, as special damages, in cases of fraud, is confined to cases where a party is obliged to take the initiative, in order to redress a wrong perpetrated through fraud or malice. Where a plaintiff has an apparently good cause of action, arising *ex contractu*, and the defendant sets up fraud, as a defence, he cannot recover special damages.

In the case of Bracken v. Neill, 15 Tex. Rep. 109, the District Court allowed the plaintiff, Neill, to recover special damages, on the ground that the defendant, Bracken, had committed a fraudulent breach of trust, in the misuse of money committed to his care; and that Neill had been driven to his action, to recover the money. It appeared, however, that no money had, in point of fact, been entrusted to Bracken; but that Bracken, being indebted to Neill, undertook to pay the amount of his debt to a third person, to whom Neill wished to transmit the

amount, and had executed a receipt to Neill, reciting that the money had been placed in his hands, by Neill, to be by him handed over to the third party. Upon this state of the case, this court required Neill to remit the special damages, which he had recovered as attorneys' fees, in the court below. The defendant in the present case, had no right to recover damages, much less against an administrator, whose duty it was to prosecute the suit which he found pending at the time of his intestate's death.

There was also error in the second instruction given to the jury. They were told that, if they believed from the testimony, that the note sued on was given in consideration of a debt due from another, which was, at the date of the note, barred by limitation, they should find for defendant.

In the absence of fraud, or any circumstances of imposition, a party may undoubtedly bind himself to pay the debt of another, although the debt be barred by limitation, at the time of the new contract.

The judge below, on the trial of this cause, so framed his charge to the jury, that they could not find for the plaintiff, without first arriving at the conclusion, that the debt, for which the note was executed, was not barred by limitation, at the date of the note; and yet, the jury were not told what circumstances, or what lapse of time, would bar the original debt.

Besides, if the question of limitation was a material question in the case, the burden of proof was on the defendant, to show that the original claim was barred by limitation; and the plaintiff could not be called upon to show that the claim was not barred. The question of fraud should have been distinctly submitted to the jury, for that was the main question in the case. The judge ought to have instructed the jury, what circumstances would constitute such a fraud, as the defendant could properly claim to be relieved against; for it is not every fraud against which the law will relieve.

There was error in the judgment, for which it is reversed, and the cause remanded for another trial.

Reversed and remanded.