AUGUST GLOBER v. A. BRADLEY & CO.

(No. 2140, R. Book No. 4, p. 165.)

APPEAL from Williamson Co.   Opinion by WILLSON, J.

§ 212. *Composition and compromise with creditors; execution of a new note subsequently to a creditor for the unpaid balance of his debt.* G. having made an assignment for the benefit of his creditors, they accepted the same and gave him a written release of his liability for the balance upon his paying twenty cents on the dollar. At the time this assignment and release was made, G. voluntarily agreed with the attorney of B. & Co., who was also acting as his agent in the transaction, that he would pay B. & Co. the full amount of their debt. B. & Co. accepted the twenty cents on the dollar, and gave a written release in full of the original indebtedness, and G. afterwards executed a new note for the balance due them, payable at the expiration of two years. In a suit by B. & Co. on the new note, G. pleaded the compromise *nudum pactum*, and that the agreement with B. & Co., which induced the execution of the new note, was a fraud upon the rights of other creditors, and that the note was therefore void. *Held*, that inasmuch as it was part of the compromise and settlement that G. should execute his note for the balance of the original indebtedness, which was a just debt, and that the balance of the said indebtedness was not in fact released to G. by the pay-

ment of the twenty cents on the dollar, there can be no
question but that there was sufficient consideration for
the note.  Moreover, by the compromise, G. secured fur-
ther time (e. g., two years) for the payment of this just
and unpaid indebtedness to B. & Co.

§ **213.** *Nudum pactum; moral obligation.*  If G. com-
promise with his creditors by paying twenty cents on the
dollar, and they execute him a release in full of the bal-
ance, and he subsequently to this settlement execute a
note to one for this balance, it is not certain that a note
thus executed would be a *nudum pactum.*  Of course a
promise which is wholly gratuitous is void for want of
consideration, and *a moral obligation* is not generally
deemed such a consideration as will make a contract
valid.  But there are well established exceptions to this
rule.  Thus, where there was originally a sufficient valu-
able consideration, but where, in consequence of some
statute or positive rule of public policy, the right of action
is suspended, and the party exempted from liability, the
moral obligation is sufficient to support an express
promise to pay the debt.  This exception embraces all
promises barred by the statute of limitations, or dis-
charges by a bankrupt or insolvent law.  [Story on Con-
tracts, sec. 466;  Sanford v. Huxford, 32 Mich. 313;
Shreiner v. Cummins, 63 Pa. St. 374;  Stebbins v. Craw-
ford County, 92 Pa. St. 289;  Womack v. Womack, 8
Tex. 397;  Flack v. Neill, 22 Tex. 253.]

§ **214.** *Moral obligation, when sufficient consideration
to support an express promise.*  To form the basis of an
effective promise, there must have been some pre-exist-
ing obligation which has become inoperative by positive
law.  Express promises founded on debts barred by lim-
itations;  debts incurred by infants;  debts of bankrupts,
and the like, afford such pre-existing equitable obligations
as may be enforced;  there is a good consideration for
them;  they merely remove an impediment created by
law to the recovery of debts honestly due, but which
public policy protects the debtor from being compelled to

pay. In all such cases there is *a quid pro quo.* There is a moral obligation founded upon an antecedent valuable consideration. [Mills v. Wyman, 3 Pick. 207.]

§ **215.** *Agreement fraudulent as to the rights of other creditors.* If a creditor refuses to enter into an agreement of composition with a debtor, until he receives as an inducement to his consent a note from such debtor, such note will be fraudulent and void; and the transaction is none the less fraudulent, and the note none the less void, because given after the composition is entered into. [1 Dan. on Neg. Inst. sec. 194.] But an arrangement made by a debtor with a creditor, in preference of a particular debt, after a composition has been completed, will not be considered a fraud upon the other creditors, if there were no previous agreement to make such an arrangement which operates as a consideration for the composition.

November 15, 1882.    Affirmed.