**BOULDIN v. WARREN et ux.** (No. 7394.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1925. Rehearing Denied. July 1, 1925.)

Interpleader ⊜⇒35—Purchaser held entitled to recover attorney's fees and costs of action to protect property through vendor's failure to disclose incumbrance.

Where a vendor sold property upon which balance of purchase price was payable by installments, without disclosing a lien thereon, and afterward refused to arrange for applying future payments toward discharging the lien, *held* that purchaser, having brought necessary action to protect his property, was entitled to have attorney's fees and costs so incurred paid by the vendor.

Error from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by J. Irvin Warren and wife against G. W. Bouldin and others. Judgment for plaintiffs against named defendant, and he brings error. Affirmed.

Terrell, Davis, Huff & McMillan, of San Antonio, for plaintiff in error.

W. W. King, of San Antonio, for defendants in error.

FLY, C. J. J. Irvin Warren and his wife, Irene Warren, defendants in error herein, sued plaintiff in error and the firm of Steves & Sons, alleging that they had entered into a written contract with G. W. Bouldin for the purchase of lot No. 6 in block 3, original city block 47 and new city block 661, between South Olive and South Pine streets, city of San Antonio, in which the Warrens agreed to pay plaintiff in error $300 in cash, and $2,400 in monthly installments of $30, beginning on January 1, 1920, and on the 1st day of each month thereafter until the full sum was paid. It was alleged that defendants in error had, up to and including October, 1923, paid plaintiff in error 46 installments of $30 each, aggregating the sum of $1,380, which, together with the $300 cash, amounted to $1,680. Defendants in error admitted a further indebtedness of $1,662, payable at a monthly rate of $30; that in the contract plaintiff in error had bound himself to convey the property by warranty deed when the full payment had been made. It was further alleged that plaintiff in error had, at the time the contract of purchase and sale was made, assured defendants in error that the property was unincumbered, when, in fact, there was a lien for labor and material upon the property in favor of Steves & Sons, and that there was a balance of $1,137.30 due by plaintiff in error on such lien. They prayed that Bouldin and Steves & Sons be required to appear and interplead, and settle to whom the money of defendants

in error should be paid, in order that they might be protected against both liens. They also asked for an attorney's fee of $200. The court in its judgment found that the facts as alleged and hereinbefore set out had been proved, and that on a certain date in 1924 Bouldin had paid off the lien of Steves & Sons, and that the latter had filed a disclaimer, and it was ordered that the mechanic's lien be canceled, and that defendants in error recover from plaintiff in error all costs, including $100 incurred in the prosecution of this suit and $50 more if an appeal was perfected. It was also decreed that $240 deposited in the registry of the court by the Warrens be paid to Bouldin after deducting the costs, and that future payments be made to Bouldin. The last named appealed to this court.

There is really but one question presented for decision in this case, although a brief of 18 typewritten pages has been filed, one-half of which is devoted to 13 propositions under 23 assignments of error. Plaintiff in error states in his brief that there was "but one issue, that of allowance by the court of attorney's fees in favor of the plaintiffs," and that "for the sake of brevity and conciseness" all of the propositions would be discussed together. We deem it unnecessary to discuss at any length the remedy known as "interpleader," because we believe that in justice and right plaintiff in error should pay the expenses of the suit, which included the attorney's fee, which defendants in error were compelled to pay by the acts of plaintiff in error. He was to blame for the lien on the property which he did not disclose to the Warrens; he it was who refused to make any arrangement by which the sums to be paid by the Warrens on the property could be appropriated to paying off the lien for labor and material; he it was that made it absolutely necessary to bring him and the lienholders into court and have the interests of the purchasers protected, and he it is who should be compelled to pay all reasonable costs and expenses incurred by reason of his conduct. Brushing aside any technical rules as to interpleaders, if any such exist that apply in this case, the facts remain that the Warrens, for protection of their property, were forced into court by the acts of Bouldin, and he should be compelled to pay all costs by them incurred in the protection of their rights. Following the argument of plaintiff in error, the Warrens should have proceeded to labor and pay their monthly installments on their property, and have made no effort to protect themselves against a lien held by others, and when they had paid all they owed to still have no title to the land. In justice and equity they had the right to protection, and the court properly gave them the protection.

The rule is well stated by the chancellor

in the case of Parks v. Jackson, 11 Wend. (N. Y.) 451, 25 Am. Dec. 660:

"If the vendor insists upon the payment of the purchase money to himself, and refuses to permit it to be applied to the extinguishment of the incumbrance upon the land, the vendee may file a bill in equity for a specific performance of the contract, making the judgment creditor as well as the vendor parties thereto, so that the purchase money may be applied under the direction of the court, which will effectually protect him against the claims of both."

That quotation describes this case, which is not one known technically as an "interpleader."

The judgment is affirmed.

## On Motion for Rehearing.

A case of fraud as against Bouldin was alleged, a case of fraud as against him was proved, and the Warrens were compelled to take the initiative in order to redress a wrong perpetrated through the fraud of Bouldin. Flack v. Neill, 22 Tex. 253. The court found, and embodied in his judgment, "that said defendant, Bouldin, represented to plaintiffs that said property was free of incumbrance, and the plaintiffs relied upon said statement and representations and believed the same to be true, and upon the faith thereof purchased said property which they would not have purchased had they believed the same was incumbered." It was further found that there was a lien upon the land, and that Bouldin refused to permit the Warrens to pay off the lien. Bouldin extinguished the lien long after this suit was instituted. They should not be compelled to pay an attorney's fee forced on them by the conduct of Bouldin.

The motion for rehearing is overruled.