**EMPLOYERS' CASUALTY CO. v. PONTON.**

**No. 12465.**

Court of Civil Appeals of Texas. Fort Worth.
May 9, 1931.

Rehearing Denied June 6, 1931.

Leachman, Gardere & Bailey and James P. Swift, all of Dallas, for appellant.

G. R. Lipscomb, of Fort Worth, for appellee.

CONNER, C. J.

This suit was instituted by the appellee Dr. Arvel R. Ponton, against the appellant Employers' Casualty Company, in a justice court of Tarrant county to recover the sum of $154, alleged to be the reasonable value of medical services rendered T. O. McCurry.

The trial in the justice court resulted in a judgment against the Employers' Casualty Company, from which an appeal was duly prosecuted to the county court of Tarrant county.

The plaintiff alleged that McCurry during the month of September, 1926, was an employee working for Dixon & Crites, in the city of Wewoka, state of Oklahoma; that said Dixon & Crites carried employees' compensation insurance with the defendant company, by the terms of which the company became legally bound to pay the employees of said Dixon & Crites compensation for injuries received during the course of their employment, and further agreed to pay all medical, hospital, physician, and surgeon fees that might be incurred in the treatment of any such employee.

It was further alleged that during the month of September, 1925, said McCurry received injuries during the course of his employment which prevented him from doing any work or labor; that such injuries were of such a nature as to entitle him to payments of compensation, physician, surgeon, medical, and hospital services; that as a result of said injuries McCurry applied to, and was directed to apply to, one Dr. Guy B. Van Sandt by said Dixon & Crites for treatment, Dr. Van Sandt being the physician, agent, and servant, and employee of said Dixon & Crites, and also of defendant Employers' Casualty Company; that Dr. Van Sandt treated McCurry for a short time, and then informed him that his condition was such as to makė it necessary that he go to some place where he could receive hospital care and attention, and informed him that he could come to Fort Worth for that purpose, or could go to Oklahoma City, and gave him a letter designed for that purpose. That McCurry then came to Fort Worth, and, in pursuance of said in-

structions, applied to Dr. Arvel R. Ponton and to the Baptist Hospital in said city where he was admitted and there treated and operated on by Dr. Ponton, who rendered all suitable and proper services and treatment to him for said injuries.

It was further alleged that after being discharged from said hospital McCurry made and entered into an agreement and settlement with the defendant Employers' Casualty Company, the terms of which were that said T. O. McCurry was to receive certain amounts of money, which were duly paid by the casualty company, and in addition thereto the casualty company agreed to pay Dr. Arvel R. Ponton $154 for his professional services rendered to McCurry as aforesaid; that said contract, agreement, and settlement was made between the Employers' Casualty Company, acting by and through its legally authorized agents and attorneys, and the said T. O. McCurry and the plaintiff, Dr. Arvel R. Ponton.

Plaintiff alleged that he has often requested defendant company to pay said amount of $154, and defendant has failed and refused and still fails and refuses to pay said amount, or any part thereof. Wherefore, plaintiff prayed for judgment.

The defendant pleaded in abatement that the county court was without jurisdiction to hear and determine the case, "for the reason that plaintiff's cause of action arises out of and under the Workmen's Compensation Law of the State of Oklahoma, and more particularly section 7288 thereof, under the terms of which the State Industrial Commission has sole original jurisdiction of all claims for medical service rendered."

Defendant further pleaded a general demurrer, a general denial, and specially said section 7288 of the Oklahoma statutes (Comp. St. 1921), alleged to "expressly and exclusively vest jurisdiction of claim for medical service rendered injured employees in the State Industrial Commission of Oklahoma."

The plea in abatement was overruled, and upon a hearing of the evidence the county court, which tried the case without a jury, entered its judgment in favor of plaintiff Dr. Arvel R. Ponton for the sum of $154, together with interest thereon at the rate of 6 per cent. per annum from the date of the judgment, with all costs of suit, and from this judgment the Casualty Company has duly prosecuted its appeal.

The trial court filed his conclusions of fact and law, in which it is shown that McCurry was injured while working for Dixon & Crites in Wewoka, Okl.; that Dixon & Crites carried workmen's compensation insurance, being subscribers under the Industrial Accident Board of the state of Oklahoma, and that as a result of said injury McCurry was taken to Dr. Van Sandt at Wewoka, Okl., for emergency treatment; that the injuries to Mc-

Curry were such "that it was necessary for him to go to a hospital and that he came to Fort Worth, Texas, and went to the Baptist Hospital, where he was operated on and treated by Dr. Arvel R. Ponton, plaintiff herein, until he had recovered."

The court further found that after McCurry had recovered, Mr. James P. Swift, agent of the casualty company, "came to Fort Worth and made a settlement with the said T. O. McCurry, and said settlement was approved by the Industrial Accident Board of the State of Oklahoma; that said settlement was made in Fort Worth, Texas; that at the time the settlement was made by James P. Swift and T. O. McCurry under the workmen's compensation act, that there was an agreement by the said agent of the Employers' Casualty Company to pay the doctor's bill of Dr. Arvel R. Ponton, plaintiff herein. I further find that the doctor's bill was $154.00, and that it is a reasonable charge for the services rendered by the plaintiff."

The court concluded as a matter of law that it had jurisdiction, and that the plaintiff was entitled to recover.

We have carefully read the entire statement of facts, and think the evidence as a whole fully sufficient to support the court's findings. It is not disputed that a settlement was made and that McCurry was paid in accordance with its terms. If necessary, we must presume that appellant would not have so paid McCurry had it questioned the authority of Swift to make a settlement, or had it questioned any want of approval on the part of the Industrial Accident Board of Oklahoma. While it is true that the evidence is conflicting on the point, McCurry testified that the settlement so made with Swift included the agreement to pay Dr. Ponton his bill for medical services, the value of which are not questioned.

Appellant insists that Dr. Ponton was not a party to the agreement, and hence cannot avail himself of its terms. But the agreement was certainly made for Dr. Ponton's benefit. The agreement also appears to be fully supported by a sufficient consideration, in that McCurry thereby relieved the casualty company of any further liability, being induced thereby, presumably in part at least, by shifting from himself the burden of payment of the medical services. Dr. Ponton accepted the terms of the settlement, and is, hence, in a position to enforce it.

In Flack v. Neill, 22 Tex. 253, it is said: "In the absence of fraud, or any circumstances of imposition, a party may undoubtedly bind himself to pay the debt of another, although the debt be barred by limitation, at the time of the new contract."

In McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221, it is said: "Where the purchaser of property agrees with the seller, as part of the

price thereof, 'to release all mortgages thereon,' a mortgagee may sustain a suit on said agreement in his own name, against the purchaser, not merely to subject the property to the mortgage, but against the purchaser personally."

See, also, Western Union Tel. Co. v. Neill, 57 Tex. 283, 44 Am. Rep. 589; Mathonican v. Scott & Baldwin, 87 Tex. 397, 28 S.W. 1063.

It seems apparent to us, irrespective of the terms of the Oklahoma law, that the action of appellee in this case was well founded upon the agreement alleged and found by the court.

We think there is no merit in the further contention that the suit was not maintainable in the courts of Texas. In addition to the facts alleged and shown in the evidence, the appellant association does business and has its principal office in this state, as well as also transacting business in the state of Oklahoma. We think the action, as already indicated, is transitory in character, and hence triable in the proper court of this state. The distinction between oral and transitory actions is thus stated in Morris v. Mo. Pac. Ry. Co., 78 Tex. 20, 14 S. W. 228, 229, 9 L. R. A. 349, 22 Am. St. Rep. 17: "If the cause of action be one that might have arisen anywhere, then it is transitory; if it could only have arisen in one place, then it is local. As, for example, an action of trespass to the person or for the conversion of goods is transitory. But an action for flowing particular lands is local, because the land can only be flooded where it is situated. For the most part, the local actions consist of those instituted for the recovery of real estate, or for injuries thereto, etc., for easements."

See, also, M. N. Ry. Co. v. Jackson, 89 Tex. 107, 33 S. W. 857, 31 L. R. A. 276, 59 Am. St. Rep. 28.

The fact, as admitted, that the rights of the parties are to be measured by the laws of foreign jurisdiction will not alter the character of the action. No law of Oklahoma is pleaded or shown that would invalidate the terms of the agreed settlement with McCurry, or relieve appellant from its obligations, and we certainly have no law that would have such effect in this suit.

Appellant assigns numerous errors to rulings of the court in admitting testimony during the trial, alleged to be objectionable as hearsay and otherwise. But the trial was before the court without a jury, and in such cases it must be presumed, in the absence of a contrary showing, that the court founded the judgment upon competent testimony only, and that if there be sufficient unobjectionable testimony, as we think is true here, the judgment should be affirmed.

In Texas Jurisprudence, vol. 3, § 881, page 1259, it is said: "Ordinarily, the presumption will be indulged that incompetent evidence was disregarded in favor of a judgment rendered by a trial court without a jury. Consequently, error in admitting testimony is not ground for reversal of a judgment if there is other and competent evidence to support the judgment, and, from the record, it is not reasonable to suppose that the court was influenced by it to the appellant's prejudice. And it is held that there can be no presumption that the effect of the wrongful admission of evidence was injurious in an action tried to the court where there is other evidence by which the judgment may be sustained."

We conclude that all assignments of error should be overruled, and the judgment affirmed.