R. J. GOLDMAN, Individually and dba Southern Tile Sales, et al., Appellants,

v.

PRE–FAB TRANSIT COMPANY, Appellee.

No. 1110.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 26, 1975.

Rehearing Denied March 19, 1975.

John Graml, Steven E. Halpin, Reynolds, Steber, Eckhardt & Graml, Houston, for appellants.

Larry D. Thompson, Lorance & Thompson, Frank G. Jones, Fulbright & Jaworski, Houston, for appellee.

CURTISS BROWN, Justice.

R. J. Goldman, Individually and d/b/a Southern Tile Sales, L. E. Pringle and Hartford Insurance Group (appellants) brought suit against Pre-Fab Transit Company (Pre-Fab or appellee) for property damages suffered in a truck crash in Louisiana. Pre-Fab, an Illinois corporation, filed a special appearance alleging that it was not amenable to process in Texas. The trial court sustained a special appearance, entered under Rule 120a, Texas Rules of Civil Procedure, and dismissed the case. This appeal was then perfected. We reverse and remand.

The truck crash in question occurred in Louisiana and involved a truck owned by Pre-Fab which was en route to Nebraska. The other truck was owned by Goldman, a resident of Harris County, Texas, and was being driven by Pringle, also a Harris County, Texas resident. The one-year statute of limitations in Louisiana had expired prior to the filing of this suit. It was stipulated by the parties that Pre-Fab Transit Company is authorized to do business in the State of Texas. Appellee also produced an affidavit by a Mr. Gainer, stating that he was the registered agent, in Texas, for service for Pre-Fab as reflected in the records of the Railroad Commission.

Appellee's counterpoint alleges that regardless of any error by the trial court, it is not subject to the jurisdiction of the Texas courts with regard to this accident. They argue that due process considerations (U.S.Const. amends. V, XIV) preclude it from amenability to process in this case, as it did not arise out of its minimum contacts with the state. In support of this contention, it has cited numerous cases construing Vernon's Tex.Rev.Civ.Stat.Ann. art. 2031b (1964). These cases are not dispositive. Unquestionably, these cases set forth the standard for application of the "long arm" statute. They do not, however, establish standards for application of the theory of consent to jurisdiction implicit in Tex.Bus.Corp.Act Ann. art. 8.10 as amended, V.A.T.S. (Supp.1975). The rationale behind the theory of consent is that in return for the privilege of doing business in the state, and enjoying the same rights and privileges as a domestic corporation, (Tex.Bus.Corp.Act Ann. art. 8.02 [1956]) the foreign corporation has consented to amenability to jurisdiction for purposes of all lawsuits within the state.

As Pre-Fab was authorized to do business within the State, as a matter of law, they are subject to the jurisdiction or "potential" jurisdiction of its courts, and therefore, amenable to its processes. Donald v. Agricultural Livestock Finance Corp., 495 S.W.2d 592 (Tex.Civ.App.— Fort Worth 1973, no writ); see, Thode, In Personam Jurisdiction; Article 2031B, the Texas "Long Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere, 42 Texas L. Rev. 279 (1964).

The fact that the accident took place in Louisiana does not affect the subject matter jurisdiction of the court as the action is transitory, not local. Employers' Casualty Co. v. Ponton, 41 S.W.2d 147 (Tex.Civ. App.—Fort Worth 1931, no writ). While this fact might be a factor in a *forum non conveniens* plea, the legitimate interest of this State in providing a forum may be counterpoised thereto. See, R. Weintraub, Commentary on the Conflict of Laws (1971).

Defects, if any, in the citation or service are not the subject of a special appearance but may be reached through a motion to quash service pursuant to Tex.R.Civ.P. 122.

As we have held that Pre-Fab Transit Company is amenable to process within Texas, the trial court erred in sustaining

the special appearance under Tex.R.Civ.P. 120a and in dismissing the case. We, therefore, reverse and remand the case to the trial court.

Reversed and remanded.