## ALLEN v. BASS et al.
### No. 2670.

Court of Civil Appeals of Texas. El Paso.
Feb. 25, 1932.

Rehearing Denied March 17, 1932.

R. L. Holliday and Henry T. Moore, both of El Paso, for appellant.

J. Walker Morrow, of El Paso, for appellees.

### WALTHALL, J.

Appellant, Farris Allen, brought this suit against L. H. Bass and the United States Fidelity & Guaranty Company, a corporation, to recover damages for personal injuries to himself and his wife, and damages to his automobile, in the total sum of $71,000, which he alleges he sustained on account and by reason of the several acts of negligence each specifically set forth in his petition and which negligent acts we need not state more specifically.

Appellant alleged that both he and Bass reside in the state of New Mexico; that Bass was engaged as a common carrier operating trucks for hire on the highways in New Mexico; that to authorize Bass to operate said trucks as stated under the laws of that state, it was necessary for Bass to file, and which he did file, a policy surety bond or liability insurance in the United States Fidelity & Guaranty Company; and that by reason thereof said insurance company became liable to appellant for a part of his damages sustained and as stated; that said insurance company maintains an office and is doing business in New Mexico and in El Paso county, Tex., where it has a local agent.

Appellant alleges that his injuries and resultant damages, of which he complains, occurred on one of the highways in New Mexico in a collision between the automobile in which he and his wife were riding, and a truck operated by appellee Bass, and as a direct and proximate result of one or more of the negligent acts charged.

The trial court refused to entertain jurisdiction of appellant's cause of action, stating "that same (entertaining jurisdiction) instead of being an act of comity to and toward the State of New Mexico, would be an improper interference with the jurisdiction that should and ought to be exercised by the State of New Mexico," and ordered the suit dismissed from the docket, from which order and judgment appellant prosecutes this appeal; the principal, if not the only, question presented here for review, is as to the right of appellant, having had personal service in this state on each defendant, to have his cause of action tried in the courts of this state.

Prior to the act of the Thirty-fifth Texas Legislature in 1917, it might well be said that appellant's right to jurisdiction in the courts of this state rested solely upon the universal rule of transitory actions, giving him the right of jurisdiction in the courts of this state where personal service on the defendants had been secured. Under the many authorities we have reviewed, both state and federal, we think it might be said that the courts of this state had a discretion in the matter of exercising jurisdiction where all parties were nonresident of the state, and the cause of action arose in the state of the nonresidents. At least the authorities are not in harmony on the question of the rights and power of the courts to exercise a discretion in the matter of assuming or refusing jurisdiction in such cases.

The Legislature of this state has twice enacted laws relating to the right to institute and maintain in the courts of this state suits upon transitory causes of action arising outside the limits of this state by a plaintiff who is a nonresident of this state, against a nonresident. The first is the Act of April 8, 1913, chapter 161, page 338, Acts Thirty-Third Legislature. This law reads: "Section 1. That whenever the death or personal injury of a citizen of this State or of a country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by a wrongful act, neglect or default

in any State, for which a right to maintain an action and recover damages in respect thereof is given by a statute or by law of such State, territory or foreign country, such right of action may be enforced in the courts of the United States, or in the courts of this State, within the time prescribed for the commencement of such action by the statute of this State, and the law of the former shall control in the maintenance of such action in all matters pertaining to procedure."

The second legislation upon the subject, is the act approved March 30, 1917, being chapter 156, page 365, Acts 35th Leg. This act reads: "Sec. 1. That whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any *such* foreign state or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign state or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statute of this State, and the law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure." (Italics ours.)

It is clear that the act of 1913 could not have conferred upon the plaintiff in the present action the absolute right to maintain its suit in the courts of this state, for he is not a citizen of this state, nor the citizen of a country such as is referred to in that act.

There is doubt whether the present plaintiff would have had the absolute right to maintain the suit under the act of 1917. This doubt arises out of the use of the italicized word "such," in the act of 1917. The codifiers, in the 1925 revision, evidently undertook to combine the acts of 1913 and of 1917, in article 4678, Revised Statutes of 1925. That article reads: "Art. 4678. *Death in foreign State.*—Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the courts

of this State in all matters pertaining to the procedure."

This article is identical with the act of 1917, except that the italicized word "such" is omitted and a slight change in punctuation. In our opinion this omission worked a change in the effect and meaning of the original act of 1917.

The plaintiff is a citizen of the United States, and under article 4678 we think he has an absolute right to maintain the present action in the courts of this state if New Mexico is to be regarded as a foreign state, within the meaning of article 4678, and the courts of this state are left without any discretion in the matter.

Corpus Juris, vol. 26, p. 889, says: "Foreign State, A Foreign Country or Nation: For all legal purposes the term embraces a neighboring state." And in the notes refers to a number of cases, among them, Cherokee Nation v. Georgia, 5 Pet. 1, 17, 8 L. Ed. 25. We refer to the case for the argument, without quoting.

We have concluded that article 4678 opens the courts of this state to citizens of a neighboring state and gives to them an absolute right to maintain a transitory action of the present nature and to try their cases in the courts of this state.

We have been referred to no cases, and we have found none, construing article 4678, above quoted.

For reasons stated the case is reversed and remanded.