**H. ROUW CO. v. RAILWAY EXP. AGENCY.**

No. 4108.

Court of Civil Appeals of Texas. El Paso.
July 10, 1941.

Rehearing Denied Sept. 18, 1941.

Hardin & Hardin, of Edinburg (Brown & Criss, and Paul H. Brown, both of Harlingen, of counsel), for appellant.

Montgomery & Taylor, Smith & Hall, and Kelley & Looney, all of Edinburg, for appellee.

SUTTON, Justice.

This is an appeal from a final judgment of the 92nd District Court of Hidalgo County dismissing plaintiff's suit. The statement of the nature and result of the suit made by the plaintiff, H. Rouw Company, is conceded to be substantially correct by defendant, Railway Express Agency, and we will paraphrase from that statement.

The suit was brought by the plaintiff against the defendant for damages alleged to have been sustained to a shipment of seven cars of strawberries. The action is one of tort upon a transitory cause, and based upon general allegations of negligence. The shipments were all made in interstate commerce. Three of the cars originated in Arkansas and were destined for New York; three originated in Arkansas, one of which was destined to Minnesota, one to Pennsylvania, and one

to Ohio; the seventh originated in Missouri and went to Pennsylvania. None of the seven cars moved through any of the territorial limits of this State.

The plaintiff is an Arkansas corporation and the defendant a Delaware corporation. Both had permits to do business in Texas under Article 1529, R.C.S.1925.

The damage claimed by the plaintiff is alleged to have been sustained in 1938 and prior to the time it obtained its permit to do business in Texas. The plaintiff has its main Texas office in Edinburg, Hidalgo County; the defendant maintained a number of agencies in that County.

The defendant answered with a pleading which it denominated a plea to the jurisdiction, based upon two grounds not necessary here to state. It also filed what it called a supplemental plea to the jurisdiction and motion to dismiss the case, based upon the grounds that it would be contrary to the public policy of the State for the court to take jurisdiction of a cause of action which the court in its discretion should refuse to exercise because (a) of the expense to be incurred by the State and county; (b) the inconvenience to the State; and (c) the financial burden entailed to the defendant to try the case in Texas rather than in Arkansas.

Upon a hearing and trial before the court both the plea to the jurisdiction and the supplemental plea and motion to dismiss were sustained and the case dismissed. To this action of the court the plaintiff duly excepted and perfected this appeal.

Plaintiff has two assignments of error. The first is: "The trial court erred in sustaining defendant's second amended plea to the jurisdiction filed September 3rd, 1940, and the supplemental plea to the jurisdiction and motion to dismiss filed September 7, 1940, because the jurisdiction of the trial court having been properly invoked over the defendant by the plaintiff under the Statutes of Texas in a transitory cause of action cannot be refused in the discretion of the trial court, or because it violates the Constitution or Acts of Congress."

We deem it unnecessary to discuss the matter of jurisdiction because we think it apparent from the statutes the court had jurisdiction. As we understand it, the defendant admits the court had potential jurisdiction over its person and that the venue was properly laid in Hidalgo County,

but seeks to sustain the action of the court because, under the peculiar facts involved in the case, it is entirely within the discretion of the trial court as to whether or not, having obtained jurisdiction, it would exercise the same and try the cause or dismiss it. We will therefore confine our consideration to this proposition.

■ Of course, it follows from what has been said and admitted, as we take it, that the trial court was in error in holding it had no jurisdiction. The defendant, however, insists the assignment is too general to be considered and constitutes no basis for a reversal; that it is duplicitous because it complains of the action of the trial court on two separate and distinct motions and, therefore, may not be considered by this court. Each of the pleadings of the defendant sought the same end; to-wit, the dismissal of plaintiff's suit. That the court did. He sustained the pleas to the jurisdiction and motion to dismiss. That action merged into the one judgment that resulted in the dismissal of the suit. After all, the dismissal of the suit constitutes the ground of complaint. The assignment is general, but we think taken in connection with the second proposition thereunder it is sufficient. The policy and inclination of this court is toward leniency and to avoid the disposition of a case on technical considerations. The second proposition is:

"A Texas District Court does not have the discretion to refuse to hear a transitory cause of action between two foreign corporations, each having a permit to do business in Texas, each having an agent and office within the court's territorial limits, and where the court's jurisdiction has been properly invoked by personal service upon the defendant's agent in Texas, upon the grounds that the public policy of the State of Texas is to refuse adjudication because of expense and/or inconvenience to the State, or financial burden to the defendant."

It meets the requirement of the statute, Article 1844, Vernon's Statutes, 1925. Miller v. Fenner et al., Tex.Civ.App., 89 S.W. 2d 506. This, we think, disposes likewise of the complaint that the assignment is duplicitous and multifarious.

We deem it unnecessary to discuss the second assignment because of the view we take of this case and the disposition of it as will more fully appear hereafter.

■ This brings us to a consideration of the principal question presented here for determination and one upon which, in our judgment, the whole case depends; that is, did the trial court have any discretion to exercise in the matter of retaining the jurisdiction acquired, or was he under the necessity to try the case? With some reluctance, and after considerable deliberation, we have reached the conclusion he had no choice. The general rule applied in most American courts is that they are open to all who come in good faith seeking a redress of their wrongs. Many of our states take the view a state court may not decline to entertain an action between nonresident parties for tort arising outside the state, because of the constitutional provision that "the Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." Art. 4, § 2, cl. 1, Constitution of the United States. 14 Am.Jur. p. 428, § 236, and the authorities there cited. It has been held in other states, as well as Texas, that a court may disregard the rules of comity and in the exercise of a sound discretion decline to exercise the jurisdiction acquired by the service of process within the forum. There are a number of Texas cases supporting this view, notably among which is Mexican National Ry. Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276, 59 Am.St.Rep. 28. The rule seems to be based upon the broad considerations of convenience, justice, public policy, and a due regard for the rights of citizens. If this case could be determined upon the rule of comity the reasons found in Mexican National, supra, would appeal powerfully to this court. We are not unaware of the practical results that may follow a precedent or law that permits a foreign corporation with a permit to do business to come indiscriminately and at will and bring its suits against another similarly situated regardless of where the cause of action arose. It is an invitation to all to come for reasons of convenience or for advantages, real or imaginary, and is calculated to constitute Texas a "Reno," and make slower the already too slow process of securing the adjudication of legal rights and the settlement of legal controversies between litigants who have no choice, but must resort to Texas courts. We are fearful it may result in many instances of forcing our citizens to wait in the corridors while foreign causes of actions are disposed of. The situation, if harmful, is

one for the Legislature. This court is powerless to correct it.

■ The rule which authorizes suits by and against foreign corporations doing business under permits undoubtedly primarily contemplates causes of action originating in and arising out of the business transacted in the State. Our statute does not so limit it. Plaintiff takes the position the permit, for purposes of litigation, constitutes a foreign corporation a citizen. We do not agree. Both conditions cannot obtain at the same time. It is what the individual or thing does that constitutes it a citizen. A foreign corporation may domesticate itself by complying with the general provisions of law.

■ The statute, Art. 1532, R.C.S. (Vernon's) 1925, expressly confers upon foreign corporations doing business under a permit all the rights and privileges of a domestic corporation. In the absence of any other provision this alone would be sufficient to bestow the right to bring, maintain and prosecute to final conclusion this suit. Art. 1320, § 2, Vernon's Civil Statutes, 1925, expressly confers the power, "To maintain and defend judicial proceedings." No argument is needed to establish the right of a domestic corporation to maintain a suit such as this against either another domestic corporation or one doing business under a permit. Any other rule would be intolerable.

■ This brings us to the last contention of the defendant, that to permit this suit to be brought and maintained in Hidalgo County, Texas, with the incident undue and unreasonable financial burden upon the defendant, would constitute an unreasonable burden upon interstate commerce. The statutes themselves completely answer this contention. The burdens, financial and otherwise, are mere incidents of the rights and privileges the defendant enjoys by virtue of its permit and the statutes. Litigation is always attended with burdens and difficulties. There is no easy road to victory, and the way to defeat is always hard. The defendant is not here as a transient. It is here doing business in the same manner as if it were a domestic corporation. It is, upon the same basis, enjoying, in the language of the statute, all the rights and privileges of a domestic corporation. We take it its business is carried on to the same extent and in the same manner as is that conducted by it in

Delaware. Strictly speaking, it cannot be said the business it does here is essentially interstate. It is both interstate and intrastate. The case of Harris v. American Ry. Express Co., 56 App.D.C. 264, 12 F.2d 487, is a complete answer to this contention, and demonstrates the inapplicability of the cases cited by the defendant, Davis v. Farmers' Co-op. Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996, and Michigan Central R. R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470. We need not repeat here what is said there.

The District Court, under the law, has jurisdiction of this case. The statutes, supra, make the exercise of that jurisdiction obligatory.

The judgment of the trial court is reversed and the cause remanded for a trial on the merits.