James BYRNES, Appellant,

v.

UNIVERSITY OF HOUSTON et al.,
Appellees.

No. 946.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 13, 1974.

Rehearing Denied April 3, 1974.

Peter D. Williamson, Houston, for appellant.

John L. Hill, Atty. Gen. of Tex., Sam L. Jones, Jr., Asst. Atty. Gen., Austin, for appellees.

CURTISS BROWN, Justice.

This is a suit for a declaratory judgment and for the recovery of money paid.

Appellant James Byrnes brought suit against the University of Houston (the University) and the University's Assistant Registrar, Mario Lucchesi. He sought a declaratory judgment that he was a resident of Texas for tuition purposes under the present regulations of the Coordinating Board of the College University System. In connection with this relief he sought recovery of money that he alleged he was wrongfully made to pay under a nonresident status. He further sought a declaratory judgment that the rules and regulations of the Coordinating Board were in violation of the due process provisions of the United States and Texas Constitutions. At the time this suit was brought, appellant was also a plaintiff in a class action brought in the Federal District Court for the Southern District of Texas, styled Marvin Wurzer et al. v. The University of Houston et al., Civil Docket No. 73–H–302. The plaintiffs in that federal court action sought, among other relief, a declaratory judgment that each plaintiff and the members of the class are residents of the state of Texas, a declaratory judgment that the rules of the Coordinating Board and the statutes under which those rules were promulgated are unconstitutional, and recovery of excess tuition fees charged on the basis of a nonresident status.

Defendants in the state court action entered a plea to the jurisdiction and in abatement, alleging that the plaintiff was a party to a case in the federal court on the same issues, and claiming sovereign immunity. The trial court granted the plea and dismissed the case, relying on both grounds in the defendants' plea.

 At the time of the court's ruling on the defendants' plea, the federal court action was pending. Nevertheless, the pendency of a suit in federal court does not abate a state court action. Aetna Casualty & Surety Company v. Brunken, 373 S.W.2d 811 (Tex.Civ.App.—Eastland 1963, writ ref'd n. r. e.); Trinity Universal Ins. Co. v. De Martini, 118 S.W.2d 901 (Tex. Civ.App.—El Paso 1938, writ ref'd).

Therefore, insofar as the plea may have been based upon the ground that there was "another action pending," the plea in abatement was not well taken and should not have been sustained.

■ Nevertheless, this suit also involves a prayer for declaratory relief under the Uniform Declaratory Judgments Act, Vernon's Tex.Rev.Civ.Stat.Ann. art. 2524–1 (1965). The Supreme Court in Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex.Sup.1970), stated the general rule:

> [A]n action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action.

See also Dub Shaw Ford, Inc. v. Comptroller of Pub. Accounts, 479 S.W.2d 403, 406 (Tex.Civ.App.—Austin 1972, no writ); Pickens v. Hidalgo County Water Control & Imp. Dist., 284 S.W.2d 784 (Tex.Civ. App.—San Antonio 1955, no writ); Joseph v. City of Ranger, 188 S.W.2d 1013 (Tex. Civ.App.—Eastland 1945, writ ref'd w. o. m.). Although separate suits including the same parties and issues may be maintained in state and federal courts simultaneously, the applicable declaratory judgment law supports the judicial discretion of the trial court to refuse to entertain jurisdiction of this declaratory action.

■ Appellant also sought recovery of money paid. The cases allowing the trial court to decline to exercise its jurisdiction in a declaratory judgment case when another action dispositive of the matter is pending do not apply to a severable cause of action which does not involve declaratory relief. This is true even though some of the same issues must be decided in both causes of action. Appellant seeks to recover the difference between the tuition paid under his classification as a nonresident and that which he would have owed had he been classified as a resident student. The University seeks to justify the dismissal of this aspect of the case by claiming governmental immunity. Appellant alleged that Registrar Lucchesi, who is in charge of classifying students as resident or nonresident, acted beyond his legal authority. Therefore, plaintiff's suit in this respect is not an action against the State of Texas. Sanders v. State Department of Public Welfare, 472 S.W.2d 179, 181 (Tex.Civ.App.—Corpus Christi 1971, no writ). Furthermore, illegally exacting payment would, if established, amount to the taking of private property without due process and would therefore offend Article 1, sec. 19 of the Texas Constitution, Vernon's Ann.St., as well as the Fourteenth Amendment of the United States Constitution. Sellers v. Harris Counry, 483 S.W. 2d 242 (Tex.Sup.1972). The trial court should not have peremptorily disposed of this aspect of the case, since the pleadings were sufficient to raise fact questions as to the circumstances and validity of the alleged overpayment.

The cause of action for the return of money paid is reversed and remanded. We affirm the exercise of the trial court's discretion in dismissing the prayer for declaratory relief.

Affirmed in part; reversed and remanded in part.