**ACACIA PIPELINE CORP., Appellant,**

v.

**CHAMPLIN EXPLORATION, INC., Appellee.**

**No. 01-88-01036-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 27, 1989.

W. Perry Zivley, Shawn K. McKean, Calvin, Dylewski, Gibbs, Maddox, Russell, Verner, Houston, for appellant.

David G. Beerbower, Stubbeman, McRae, Sealy, Laughlin & Browder, Houston, for appellee.

Before SAM BASS, COHEN and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a dismissal for want of jurisdiction.

Appellant, Acacia Pipeline Corp., a Texas corporation, sued appellee, Champlin Exploration, Inc., a Delaware corporation, for breach of a gas purchase contract that involved gas produced from certain gas wells in Woodward County, Oklahoma. Acacia complained that Champlin had failed to pay for a meter that Acacia had installed to measure the quantity of gas delivered.

Although Champlin has been licensed to do business in the State of Texas since 1970 and has appointed a registered agent for service of process, it filed a special appearance to Acacia's lawsuit. Champlin asserted that it was not amenable to process, that the cause of action against it arose from a contract for gas production that is produced, sold, measured, and delivered in Woodward County, Oklahoma, and that the contract had been negotiated by telephone and accepted in Oklahoma. The trial court sustained Champlin's objection to jurisdiction.

Acacia brings one point of error, contending that the trial court erred in dismissing its cause of action for want of personal jurisdiction. We reverse and remand.

Acacia and Champlin focus on the Texas long-arm statute, Tex.Civ.Prac. & Rem. Code Ann. §§ 17.041–17.044 (Vernon 1986), and the case law interpreting that statute. However, we find that the jurisprudence regarding the Texas long-arm statute does not control the disposition of this appeal.

In 1970, Champlin obtained a certificate of authority to transact business in Texas, pursuant to Tex.Bus.Corp.Act Ann. art. 8.01 (Vernon 1980). Champlin continuously maintained its status as a foreign corporation authorized to do business in Texas through the date it was served with pro-

cess in this case, and thereafter[1]. Because Champlin was authorized to transact business in this state, it maintained a registered office and registered agent. *See* Tex.Bus.Corp.Act Ann. art. 8.08 (Vernon 1980). The powers of a foreign corporation authorized to do business in Texas include enjoying "the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in the application pursuant to which such certificate of authority is issued." Tex.Bus. Corp.Act Ann. art. 8.02 (Vernon Supp. 1989).

In return for the privilege of doing business in Texas, and enjoying the same rights and privileges as a domestic corporation, Champlin has consented to amenability to jurisdiction for purposes of all lawsuits within the state. It is subject to the jurisdiction of Texas courts and amenable to process. *Goldman v. Pre–Fab Transit Co.*, 520 S.W.2d 597, 598 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1271 n. 21 (5th Cir.1981); *see also Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610 (1917). Consent as a basis of jurisdiction in an in personam suit has long been recognized. Restatement (Second) of Conflict of Laws §§ 32, 44 (1967); Thomas, *Conflict of Laws*, 30 Sw.L.J. 268, 277–78 (1976).

While jurisdiction exists, this does not necessarily mean that Texas is a convenient forum to hear a particular dispute. *See Goldman*, 520 S.W.2d at 598; *see also McNutt v. Teledyne Industries, Inc.*, 693 S.W.2d 666, 668 (Tex.App.—Dallas 1985, writ dism'd); *Van Winkle–Hooker Co. v. Rice*, 448 S.W.2d 824, 826 (Tex.Civ.App.—Dallas 1969, no writ). We do not express any opinion about the application of *forum non conveniens* to this dispute.

We sustain appellant's point of error.

1. Champlin's operations in Texas include owning varying oil and gas interests in 175 properties located in nine different Texas counties; operating a field office in Giddings, Texas from

We reverse the judgment and remand this cause to the trial court.

1980 to 1987, which employed 44 people; and prosecuting two lawsuits and defending five others in Texas courts.