CV6-347 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00347-CV

Fort Worth Independent School District, Appellant

v.

Jane Thomson and Charles Rand, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. 95-00602, HONORABLE MARGARET COOPER, JUDGE PRESIDING

PER CURIAM

 Jane Thomson and Charles Rand sued the Fort Worth Independent School District
(FWISD) under the "Whistleblower Act." Tex. Gov't Code Ann. §§ 554.001-.010 (West 1994 & Supp.
1996). FWISD unsuccessfully moved to transfer venue. FWISD timely perfected appeal from that trial-court order.

 An order on a motion to transfer venue is usually not an appealable interlocutory order. 
Tex. R. Civ. P. 87(6); "21" Int'l Holdings, Inc. v. Westinghouse Elec. Corp., 856 S.W.2d 479, 484
(Tex. App.--San Antonio 1993, no writ). In response to a letter from the Clerk of this Court questioning
our jurisdiction, appellant responded with an argument for continuing the appeal under a recently enacted
venue provision dealing with joinder and intervention. Tex. Civ. Prac. & Rem. Code Ann. § 15.03 (West
Supp. 1996) ("section 15.03"). Appellees responded with a motion to dismiss the appeal. We will grant
appellees' motion to dismiss.

 Section 15.003 was enacted as part of a series of revisions to Texas venue law. See
generally A. Erin Dwyer, Donald Colleluori, and Thomas A. Graves, Texas Civil Procedure, 49 SMU
L. Rev. 1371, 1375 (1996). Section 15.003, "Multiple Plaintiffs and Intervening Plaintiffs," concerns
joinder or intervention by more than one plaintiff in a cause and the necessity of each plaintiff independently
establishing proper venue. Section 15.003(a), (b). This section allows for interlocutory appeals of an order
allowing or denying intervention or joinder of a plaintiff. Section 15.003(c).

 Section 15.003 does not apply to this cause. FWISD's complaint is that appellees' first
amended original petition added allegations of retaliatory action that occurred after their original petition
was filed. During the interval between the two filings, FWISD claims changes occurred in the
"Whistleblower Act" which make venue improper in Travis County. This complaint has nothing to do with
the joinder or intervention of any plaintiff. Section 15.003 quite specifically deals only with multiple
plaintiffs. Further, FWISD complains of the denial of its motion to transfer venue. Section 15.003
specifically provides for interlocutory appeals from an order granting or denying intervention or joinder, not
from an order granting or denying a motion to transfer venue. FWISD points to no other provision that
would allow an interlocutory appeal in this cause.

 Accordingly, we grant appellees' motion and dismiss the appeal for want of jurisdiction. 
North East Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966).

Before Chief Justice Carroll, Justices Aboussie and Kidd

Appeal Dismissed for Want of Jurisdiction

Filed: September 11, 1996

Do Not Publish