**SEGUROS COMERCIAL AMERICA,
S.A. De C.V., Appellant,**

v.

**AMERICAN PRESIDENT LINES, LTD.
and Trucking Servicios Mexicanos,
S.A. De C.V., Appellees.**

No. 04–97–00038–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 18, 1998.

Rehearing Overruled March 26, 1998.

C. Scott Kinzel, Chester J. Makowski, Jeffrey J. Putnam, Royston, Rayzor, Vickery & Williams, L.L.P., Houston, Richard G. Morales, Jr., Person, Whitworth, Ramos, Borchers & Morales, Laredo, for Appellees.

Before RICKHOFF, LÓPEZ and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal arises from a suit to recover damages for loss of a container of cargo. The trial judge dismissed the suit on the grounds of forum non conveniens and the plaintiff appealed. Because we find that the suit was properly dismissed, we affirm.

Appellant, Seguros Comercial America, S.A. De C.V. (Seguros ) is a Mexican insurance company and consignee of a container of stereo equipment that was shipped from Hong Kong, bound for Mexico City. The shipment was hijacked at gunpoint in Mexico prior to being received by the consignee. The container was originally shipped by sea on a ship owned by Appellee, American President Lines, LTD. (APL) to Long Beach, California. From California, the container was transported by rail to San Antonio, Texas, where it was trucked to Laredo to be prepared by Mexican customs officials. From Laredo, the container was taken to Nuevo Laredo. Appellee, Trucking Servicios Mexicanos, S.A. De C.V. (TSM), was responsible for trucking the container from Nuevo Laredo, Mexico, to the consignee in Mexico City.

During transit from Nuevo Laredo to Mexico City, the container was hijacked by armed bandits on the highway in Dr. Mora, Mexico, prior to being received by the consignee. Although TSM's truck was Mexican owned and operated, the driver was a Mexican national, the consignee is a Mexican company, the hijacking was investigated by Mexican authorities and by APL's office in Mexico, Seguros sued APL and TSM in Webb County, Texas, for damages resulting from the loss of the shipment. APL moved to dismiss on the grounds of forum non con-

Dana K. Martin, Robert G. Moll, Hill, Rivkins, Loesberg, O'Brien, Mulroy & Hayden, Houston, Shirley Hale Mathis, Mann, Trevino, Hale & Gallego, Laredo, for Appellant.

veniens and the trial judge dismissed the suit.

On appeal, Seguros contends that the trial court erred by dismissing its suit. To support its argument, Seguros relies on this court's decision on '21' International Holdings. See '21' International Holdings v. Westinghouse Elec. Corp., 856 S.W.2d 479, 484 (Tex.App.—San Antonio 1993, no writ). In '21' International Holdings, this court held that "the Texas Legislature has abolished the doctrine of forum non conveniens in cases involving foreign corporations which have permits to conduct business in Texas." '21' International Holdings, 856 S.W.2d at 484. Because it is a foreign insurance company authorized to conduct business in Texas, Seguros argues that '21' International Holdings holds that the doctrine of forum non conveniens does not apply to its dispute with APL and TSM. Instead, Seguros argues, this controversy is governed by general corporations law which permits it to sue in Texas.

Seguros reaches this conclusion by relying on an opinion by the Texas Attorney General. See Op. Tex. Att'y Gen. No. WW–490 (1958). The opinion states that former general corporations law applies to insurance companies like Seguros which were doing business in Texas prior to 1955, and that for those companies, general corporations law supplements the Insurance Code. See id. at 7. Because the basis for the former corporations law remained virtually unchanged when the Texas Business Corporations Act (TBCA) was adopted, Seguros argues, it can now rely on the current corporations law. According to Seguros, article 2.18 of the Insurance Code permits it to rely on corporations law which prohibits dismissal on the grounds of forum non conveniens. See Tex. Ins.Code Ann. art. 2.18 (Vernon 1981) (providing corporations law applies to insurance companies so far as they are consistent with provisions of Insurance Code). As a foreign insurer authorized to do business in Texas under the Insurance Code, Seguros contends that it is to be treated the same as any other foreign corporation authorized to do business in Texas. This treatment, Seguros argues, includes the right to sue in Texas.

APL makes several arguments about why Seguros is not permitted to litigate its controversy in Texas, but we find the following argument persuasive. APL argues that the TBCA does not apply to a foreign casualty insurer operating in Texas. As an insurance company, APL contends that Seguros is subject to the Texas Insurance Code, not general corporations law. And because corporations law does not apply to Seguros, Texas law does not require a Texas court to exercise jurisdiction over Seguros's lawsuit. This position is a logical one despite the conclusion reached in Attorney General Opinion WW–490. We conclude that the Insurance Code, and not the TBCA, applies to Seguros for the following reasons.

Article 2.01 of the Texas Business Code sets forth the purposes for which a business may be incorporated under the TBCA; this article clearly indicates that the TBCA does not apply to insurance companies. See Tex. Bus.Code. Ann. art. 2.01B(4)(d) (Vernon Supp.1998) (stating that an insurance company may not obtain authority to transact business in Texas under the TBCA). The applicability of the TBCA is further delineated in article 9.14A. In 1989, article 9.14A was amended to clarify the limited circumstances in which the TBCA may be adopted by foreign corporations authorized to do business in Texas under a statute other than the TBCA, or to be considered supplementary to such other statutes. See Act of May 25, 1989, 71st Legis., R.S., ch. 801, § 44, 1989 Tex. Gen. Laws 3610, 3644. Because of the 1989 amendment, the attorney general's opinion is, at best, out-dated authority.

Article 9.14A provides that:

This Act does not apply to domestic corporations organized under any statute other than this Act or to any foreign corporations granted authority to transact business within this State under any statute other than this Act; provided, however, that if any domestic corporation was heretofore or is hereafter organized under or is governed by a statute other than this Act or the Texas Non–Profit Corporation Act (Article 1396–1.01 et seq., Vernon's Texas Civil Statutes) that contains no provisions in regard to some of the matters

provided for in this Act, or any foreign corporation was heretofore or is hereafter granted authority to transact business within this State under a statute other than this Act or the Texas Non–Profit Corporation Act that contains no provisions in regard to some of the matters provided for in this Act in respect of foreign corporations, or if such a statute specifically provides that the general laws for incorporation or for the granting of a certificate of authority to transact business in this State, as the case may be, shall supplement the provisions of such statute, then the provisions of this Act shall apply to the extent that they are not inconsistent with the provisions of such other statute; provided further, however, that this Act shall not apply to any domestic corporation organized under or governed by the Texas Non–Profit Corporation Act or any foreign corporation granted authority to transact business within this State under the Texas Non–Profit Corporation Act.

TEX. BUS.CODE ANN. art. 9.14 (Vernon Supp. 1998). This language clearly indicates that the TBCA does not apply to a foreign casualty insurer such as Seguros. As written, the article reiterates what is specified earlier in article 2.01; that is, presumptively, the TBCA does not apply to companies that are given authority to transact business under another statute. *See* TEX. BUS.CODE ANN. art. 2.01 (Vernon Supp.1998) (specifying that TBCA does not apply to insurance companies that operate under the Insurance Code). Article 9.14A, however, goes further than article 2.01 to provide exceptions to the presumption that the TBCA does not apply to foreign insurance companies.

Under article 9.14A, two circumstances exist under which the TBCA applies to a foreign corporation authorized to do business in Texas under a different statute: (1) the corporation must have been granted authority to transact business in Texas under another statute which contains no provisions regarding some of the matters provided for in the TBCA in respect to foreign corporations, or (2) the statute permitting the foreign corporation to operate in Texas specifically provides that the general laws for incorporation supplement the provisions of that statute.

For the TBCA to apply to Seguros, it must fall within one of these exceptions.

■ The first exception does not apply because the Insurance Code does provide for foreign insurance companies like Seguros. Article 21.43 addresses the rights and responsibilities of foreign insurance companies operating in Texas in general, and article 8.24 specifically addresses the rights and responsibilities of Mexican casualty insurers. *Compare* TEX. INS.CODE ANN. art. 21.43 (Vernon Supp.1998) (generally providing for foreign insurance companies), *with id.* art. 8.24 (dealing specifically with Mexican casualty insurers like Seguros). Neither of these articles indicates that the TBCA applies to foreign insurance companies. Because the Insurance Code contains provisions concerning matters provided for by the TBCA in respect to foreign corporations, the first exception does not apply. *See* TEX. BUS.CODE ANN. art. 9.14A (Vernon Supp.1998) (stating that the TBCA does not apply where another applicable statute contains "provisions in regard to some of the matters provided for in this Act in respect of foreign corporations").

■ These same provisions demonstrate the inapplicability of the second exception as well. Under the second exception, the other applicable statute must specifically provide that the general incorporation laws supplement the provisions of the other statute. *See* TEX. BUS.CODE ANN. art. 9.14A (Vernon Supp. 1998). But nothing which exists in either article 21.43 or 8.24 indicates that the TBCA applies to a lawsuit like this one. Although article 21.42 of the Insurance Code would require the application of Texas law to this lawsuit if the insurance policy had been issued in Texas, or had been issued to a Texas citizen or inhabitant, those circumstances are not the facts at issue here. *See* TEX. INS. CODE ANN. art. 21.42 (Vernon 1982) (providing that Texas law applies when insurance contract is payable to a state citizen or inhabitant). Instead, the policy that covered the stolen shipment of stereo equipment was issued outside of Texas and was issued to Seguros's consignee, a Mexican corporation. As a result, no exception exists to support

Seguros's argument that general corporations law applies to its lawsuit.

■ Finally, as a subrogee of the consignee of the stolen cargo, Seguros can have no more rights than could be asserted by its subrogor. *See Lancer Corp. v. Murillo,* 909 S.W.2d 122, 127 (Tex.App.—San Antonio 1995, no writ); *Finger v. Southern Refrigeration Servs., Inc.,* 881 S.W.2d 890, 894 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Interstate Fire Ins. Co. v. First Tape, Inc.,* 817 S.W.2d 142, 145 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Because Seguros did not present a certificate of authority that permitted its subrogor to operate in Texas, it presented no evidence that established its consignee's authority to operate in Texas so that corporations law applied to its lawsuit.[1] Having presented nothing to establish the applicability of corporations law, the trial court properly applied the doctrine of forum non conveniens to Seguros's lawsuit. Because we conclude that the doctrine of forum non conveniens applies, we next address whether a dismissal on those grounds was proper.

■ Under the doctrine of forum non conveniens, a trial court may exercise its discretion to resist imposition of an inconvenient jurisdiction upon a litigant who is otherwise subject to jurisdiction. *See Exxon Corp. v. Choo,* 881 S.W.2d 301, 305 (Tex. 1994). For the doctrine to be invoked, the act forming the basis of the lawsuit usually occurs in another jurisdiction. Thus, in determining whether to dismiss a suit on the grounds of forum non conveniens, a court considers such factors as:

(1) the litigant's own interests in such matters as which forum would provide easiest access to sources of proof, (2) the cost of obtaining the presence of witnesses, (3) the availability of process to compel the attendance of unwilling witnesses, and (4) such factors of public interest as (a) admin-

istrative problems and docket congestion resulting from transfers of cases to metropolitan centers, and (b) concerns involving the courts of one state applying foreign law, particularly when the foreign law so differs from the forum that the courts of the forum would find it difficult or impossible to administer and enforce the foreign law.

J. HADLEY EDGAR, JR. & JAMES B. SALES, 5 TEXAS TORTS AND REMEDIES § 100.27[1] (1997), at 100–172 (citing *Flaiz v. Moore,* 359 S.W.2d 872, 874–75 (Tex.1962)).[2] A court's decision to dismiss a lawsuit for forum non conveniens is proper unless the court abused its discretion. *See Choo,* 881 S.W.2d at 305.

■ Here, the trial court did not abuse its discretion. The policy that covered the stolen shipment of stereo equipment was issued outside of Texas and was issued to a Mexican corporation. The truck that transported the equipment from Nuevo Laredo, bound for Mexico City, was Mexican owned and operated. The driver of the truck was a Mexican national. The hijacking occurred in Mexico and was investigated by Mexican authorities and by APL's office in Mexico. As a result, most of the witnesses who have personal knowledge of the circumstances surrounding the theft of the stereo equipment are located in Mexico and not subject to service of process by a Texas court. Additionally, APL indicated its willingness to submit to the jurisdiction of a Mexican court. Under these circumstances, dismissing Seguros's claim for forum non conveniens was not an abuse of discretion. For this reason, we overrule Seguros's points of error and affirm the trial court's order.

DUNCAN, J., concurring in the judgment only.

---

1. Instead, Seguros produced a letter from the Texas Department of Insurance that indicated that Seguros was a licensed Mexican casualty insurer as of October 16, 1995.

2. *See also* ELAINE BUCCIERI, 1 TEXAS TRIAL HANDBOOK § 4.10 (3d ed.1997) (listing the following factors for consideration: "(1) the private interests of

the litigants, (2) the ease of access to sources of proof, (3) the ability to subpoena witnesses, (4) the costs to the litigants, (5) the burden on the local judicial system, and (6) the enforceability of the judgment") (citing *Sarieddine v. Moussa,* 820 S.W.2d 837, 840 (Tex.App.—Dallas 1991, writ denied).