**William J. Boyce**
bboyce@adjtlaw.com
(713) 589-3573
*Board Certified Civil*
*Appellate Law*



**ALEXANDER DUBOSE JEFFERSON**
Appellate Counsel

ACCEPTED
15-25-00003-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/28/2025 9:52 AM
CHRISTOPHER A. PRINE
CLERK

April 28, 2025

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/28/2025 9:52:18 AM
CHRISTOPHER A. PRINE
Clerk

Mr. Chris Prine
Clerk, Fifteenth Court of Appeals
P.O. Box 12852
Austin, Texas 78711

> Re: *Lone Star NGL Product Services, LLC v. EagleClaw Midstream Ventures LLC et al.*, No. 15-25-00003-CV, in the Fifteenth Court of Appeals

Dear Mr. Prine:

We write to provide a brief response to questions raised by the Court during oral argument held on April 15, 2025, in the above-referenced case. Please distribute this letter to Chief Justice Brister, Justice Farris, and Justice Field.

## I. The rules of statutory interpretation apply to H.B. 19.

At oral argument, the Court asked whether Section 8's timing provision should be interpreted differently than other statutory timing provisions because H.B. 19 created the Texas Business Court. The answer to the question is "No." Such an approach would depart from settled principles of statutory construction and erroneously engraft different interpretative standards depending on the underlying substance of the legislation itself. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 479 (Tex. 2001) ("A basic rule of statutory construction is that we enforce the plain meaning of an unambiguous statute.").

This Court already has interpreted Section 8 and found it to be clear and unambiguous. *In re ETC Field Services, LLC*, 707 S.W.3d 924, 927 (Tex. App.–Austin [15th Dist.] 2025, orig. proceeding) (noting that Section 8's language "makes plain" the distinction between "initial filings" and "removal" and that the Court of Appeals "***cannot re-write*** [Section 8] to make its boundaries more distinct") (emphasis added).

Given that the statute is unambiguous and the Texas Supreme Court has made clear that courts are to presume statutory provisions are ***not*** jurisdictional (*Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 288 (Tex. 2019)), it would be erroneous to apply different interpretive principles to H.B. 19.

## II.    If the Business Court has subject matter jurisdiction, it must be exercised.

The Court asked whether the Business Court should exercise discretion to decline to adjudicate the parties' dispute, even if it has subject matter jurisdiction. No such discretion exists.

Texas law is clear that if a Court has subject matter jurisdiction, then it has no discretion to decline to exercise that jurisdiction except in limited instances involving the forum non conveniens doctrine. *Dow Chem. Co. v. Castro Alfaro*, 786 S.W.2d 674, 678 (Tex. 1990) (citing *Allen v. Bass*, 47 S.W.2d 426, 427 (Tex. App.—El Paso 1932, writ ref'd.) for the proposition that, in the absence of forum non conveniens, trial courts have no discretion and it is "obligatory on the district courts to accept jurisdiction and try these cases").

## III.    Effective dates in other statutes can be abrogated by parties' agreements.

The Court asked Appellees' counsel about application of the effective date of the Texas Citizens Participation Act ("TCPA") and a hypothetical concerning whether parties could have agreed to application of that statute in cases already pending when it was enacted. The answer that question is: "Yes."

In disputes relating to "qualified transactions," Texas recognizes the right of contracting parties to choose the law applicable to their dispute. Tex. Bus. & Com. Code § 271.005–.007. Thus, if parties to a qualified transaction decide to apply the TCPA to their dispute, even though their suit was pending when the TCPA was enacted, Texas law recognizes their ability to do so. *Id.*; *see also Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 235 (Tex. 2008).[1] There is no difference, here, to the parties' agreement to apply Chapter 25A of the Texas Government Code.

---

[1] In *Sonat Exploration*, the Texas Supreme Court recognized:

> Protection of the justified expectations of the parties is the basic policy underlying the field of contracts. Enforcing contracts according to their own terms satisfies the relevant policies of the forum, enhances certainty, predictability, and uniformity of result, and facilitates commerce and relations with other states and nations. Accordingly, the parties' expectations as stated in their contract should not be frustrated by applying a state law that would invalidate the contract, at least not unless those expectations are substantially outweighed by the interests of the state with the invalidating rule.

271 S.W.3d at 235 (footnotes and quotations omitted).

Further, the parties' agreement does nothing to undermine the Court's decision in *In re ETC Field Services*. The fact that the Court determined Section 8 is ***mandatory*** does not therefore mean that Section 8 affects the Texas Business Court's ***subject matter jurisdiction***. *City of DeSoto v. White*, 288 S.W.3d 389, 395 (Tex. 2009) ("[J]ust because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional.").

For these reasons, as well as the reasons articulated in the parties' briefs and at oral argument, that parties ask this Court to reverse the Trial Court's remand order and permit this case to proceed in Business Court.

Respectfully submitted,

/s/ *William J. Boyce*
William J. Boyce
State Bar No. 02760100
bboyce@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
1844 Harvard Street
Houston, Texas 77008-4342
Telephone: (713) 523-2358
Facsimile: (713) 522-4553

Andrew P. Price
State Bar No. 24002791
andrew.price@nortonrosefulbright.com
Rafe A. Schaefer
State Bar No. 24077700
rafe.schaefer@nortonrosefulbright.com
Timothy Shinn
State Bar No. 24125409
timothy.shinn@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1550 Lamar, Suite 2000
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

ATTORNEYS FOR LONE STAR NGL
PRODUCT SERVICES, LLC

Fields Alexander
State Bar No. 00783528
falexander@beckredden.com
Thomas E. Ganucheau
State Bar No. 00784104
tganucheau@beckredden.com
Mary Kate Raffetto
State Bar No. 24098296
mkraffetto@beckredden.com
Parth S. Gejji
State Bar No. 24087575
pgejji@beckredden.com
Garrett S. Brawley
State Bar No. 24095812
gbrawley@beckredden.com
Cassie Maneen
State Bar No. 24120989
cmaneen@beckredden.com
BECK REDDEN LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700

**ATTORNEYS FOR EAGLECLAW
MIDSTREAM VENTURES LLC AND CR
PERMIAN PROCESSING, LLC**

cc:     All counsel of record via e-filing

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Latonya McPherson on behalf of William Boyce
Bar No. 2760100
lmcpherson@adjtlaw.com
Envelope ID: 100145433
Filing Code Description: Letter
Filing Description: Letter Brief
Status as of 4/28/2025 10:00 AM CST

Associated Case Party: Lone Star NGL Product Services, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cindy Hickman | | cindy.hickman@nortonrosefulbright.com | 4/28/2025 9:52:18 AM | SENT |
| Angelina Martinez | | angelina.martinez@nortonrosefulbright.com | 4/28/2025 9:52:18 AM | SENT |
| Rafe Schaefer | 24077700 | rafe.schaefer@nortonrosefulbright.com | 4/28/2025 9:52:18 AM | SENT |
| Abraham Chang | 24102827 | abraham.chang@nortonrosefulbright.com | 4/28/2025 9:52:18 AM | SENT |
| William Boyce | 2760100 | bboyce@adjtlaw.com | 4/28/2025 9:52:18 AM | SENT |
| Timothy Shinn | 24125409 | Timothy.shinn@nortonrosefulbright.com | 4/28/2025 9:52:18 AM | SENT |
| Andrew Price | | andrew.price@nortonrosefulbright.com | 4/28/2025 9:52:18 AM | SENT |
| Stacey Jett | | sjett@adjtlaw.com | 4/28/2025 9:52:18 AM | SENT |
| Latonya McPherson | | lmcpherson@adjtlaw.com | 4/28/2025 9:52:18 AM | SENT |

Associated Case Party: EagleClaw Midstream Ventures LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Fields Alexander | | falexander@beckredden.com | 4/28/2025 9:52:18 AM | SENT |
| Mary Raffetto | | mkraffetto@beckredden.com | 4/28/2025 9:52:18 AM | SENT |
| Garrett S.Brawley | | gbrawley@beckredden.com | 4/28/2025 9:52:18 AM | SENT |
| Cassie Maneen | | cmaneen@beckredden.com | 4/28/2025 9:52:18 AM | SENT |
| Parth S.Gejji | | pgejji@beckredden.com | 4/28/2025 9:52:18 AM | SENT |
| Thomas Ganucheau | | tganucheau@beckredden.com | 4/28/2025 9:52:18 AM | SENT |